IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STANLEY E. KORNAFEL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2292 |
| | : | |
| U.S. POSTAL SERVICE, *et al.*, | : | |
| Defendants. | : | |

FILED
JUN 3 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

JONES, J.                                                                                                                                           JUNE 3, 2019

      *Pro se* Plaintiff Stanley E. Kornafel has filed yet another *pro se* Complaint against the United States Postal Service. He also seeks leave to proceed *in forma paupers*. Because Kornafel appears unable to pay the costs of filing this suit, he will be granted *in forma pauperis* status and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and malicious.

**I.    FACTS**

      Although Kornafel's Complaint is rambling and consists mainly of statutory and constitutional citations, as well as conclusory and nonsensical statements, the gist of his claim appears to arise out of an automobile accident with a postal vehicle in 1992. He makes assorted allegations relating to the processing of his claim through administrative channels, the agreement of a settlement of the claim, the adjudicating of his claim in federal court, and alleged unconstitutional and fraudulent conduct on the part of the United States Postal Service and the United States Government.

      This is not the first time Kornafel has sued the United States Postal Service and the United States Government over this incident. *See Kornafel v. U.S. Postal Serv.*, Civ. A. No. 99-6416, 2000 WL 116072, at *2 (E.D. Pa. Jan. 31, 2000) (setting forth litigation history between

these parties between 1992 and 2000) ("the Year 2000 Opinion"); *Kornafel v. United States*, Civ. A. No. 00-3250; *Kornafel v. U.S. Government*, Civ. A. No. 95-6670; *Kornafel v. U.S. Government*, Civ. A. No. 96-7436. In the Year 2000 Opinion, Judge Buckwalter noted that Kornafel claimed

> in this and every prior action relevant to the March 11, 1992 motor vehicle accident, Defendant "abused process and used deceit and overpowering conduct" resulting in "no fair play" but rather despotism. Plaintiff further contends that "the defendant being the federal government and the judges of the federal court being of the federal government a state of bias or discrimination," through "deceitful, oppressive and coercive actions and perjurious statements" denied him "equal justice and fairness for remedy."

*Id.* at *2. The allegations Kornafel makes in the current Complaint are similar, alluding to unfairness, deceit, fraud, misuse of authority, and abuse of process. (*See, e.g.*, ECF No. 2 at 5.)[1]

## II. STANDARD OF REVIEW

Because Kornafel has been granted leave to proceed *in forma pauperis*, § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous or malicious. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is deemed legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

*Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). As Kornafel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

In the Year 2000 Opinion, Judge Buckwalter noted that, in connection with a *pro se* lawsuit Kornafel filed, and for which counsel was later retained, an Order entered on July 13, 1995, dismissed Kornafel's claims involving the postal vehicle accident with prejudice after the parties reported that the case had been settled. *Id.*, at *3. That Order was never challenged on appeal, but Kornafel filed a new cause of action on October 19, 1995, asserting constitutional and common law claims arising from the motor vehicle accident. *Id.* On January 2, 1996, that action was dismissed upon the representation by the government that it would pay the full amount of the property damages claimed in Kornafel's administrative claim form. *Id.* Kornafel, however, continued to file lawsuits about the accident, including the case in which Judge Buckwalter authored the Year 2000 Opinion. He determined:

> The Order dated July 13, 1995 dismissing that action precludes Plaintiff from bringing the instant action, for the case at bar arises from the same accident and is based on the same underlying facts. Furthermore, Plaintiff has not raised any new claims, nor has he introduced a new party to the action. It is important that Plaintiff never challenged or appealed July 13, 1995 Order. Moreover, the court's subsequent Orders dated January 23, 1996 and February 26, 1997 both dismissed similar claims against Defendants within this action. Therefore, Plaintiff is precluded from bringing this most recent cause of action based on the doctrine of *res judicata*. The decisions on the merits in these previous cases bars Plaintiff from bringing this action, which is based on the same underlying facts as the previous actions and raises issues which were, or could have been, raised in the previous lawsuits. *See Schuylkill Skyport Inn, Inc., et al. v. Rich, et al.*, 1996 WL 502280 (E.D. Pa. August 21, 1996), *5 ("Both federal and Pennsylvania courts have held that a dismissal with prejudice is considered a judgment on the merits for claim preclusion purposes.") (*see also, Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) ("res judicata bars relitigation of the claims dismissed in the prior suit") (citations omitted))). Pennsylvania law makes it clear that settlements between two parties has a *res judicata* effect.

3

> *Keystone Bldg. Corp. v. Lincoln Sav. & Loan Ass'n*, 360 A.2d 191, 194 (Pa. 1976) ("[I]t is well settled, as a general proposition, that a judgment or decree, though entered by consent or agreement of the parties, is res judicata to the same extent as if entered after contest.") (citation omitted).

*Id.*, at *3.

Kornafel's filing of the current Complaint is no different. It again raises the same claims against the same Defendants that were previously dismissed. It is plainly abusive of the judicial process and merely repeats previously litigated claims. Accordingly, the claims are barred by *res judicata*, frivolous and malicious.

The claims are also clearly untimely. Whether construed as claims pursuant to 42 U.S.C. § 1983 — as Kornafel recites in the Complaint — or more properly as *Bivens* claims since he is suing federal entities, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), his claims are subject to a two-year statute of limitations, the most analogous state statute of limitations. *See* 42 Pa. Cons. Stat. § 5524(2)) (Pennsylvania two-year statute of limitations for personal injury actions); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (§ 1983 action); *Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988) (*Bivens* action). Thus, the limitations period applicable to Kornafel's § 1983 claim is two years. As the car accident occurred in 1992 and there is no allegation that any action taken by any Defendant occurred during the two-year statutory period, the claims are untimely on the face of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Kornafel's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they are frivolous and malicious. The dismissal is with prejudice. Kornafel is warned that further filing of cases raising claims that have already been finally

4

adjudicated may lead to the Court imposing filing restrictions upon him. An appropriate Order follows.

BY THE COURT:

_____
C. DARNELL JONES, II, J.