IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY E. KORNAFEL,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 19-CV-2292 |
| U.S. POSTAL SERVICE, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**JONES, J.**                                                                                                                              **MAY 26, 2020**

A June 3, 2019 Memorandum and Order dismissed with prejudice the *pro se* Complaint filed by Plaintiff Stanley E. Kornafel as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  (*See* ECF Nos. 4, 5.)  Kornafel's appeal of that dismissal order was denied by the United States Court of Appeals for the Third Circuit on November 20, 2019 and the mandate issued on January 30, 2020.  (ECF No. 11.)  On May 15, 2020, Kornafel filed a pleading labeled "Complaint" but which asks for relief pursuant to Federal Rule of Civil Procedure 60(b).  For the following reasons, the pleading will be construed as a Rule 60(b) motion and the Motion will be denied.[1]

**I.    BACKGROUND**

Kornafel's original Complaint concerned alleged fraud in the administrative processing and eventual settlement of an auto accident claim against the United States Postal Service.  (*See* ECF No. 2.)  Kornafel had brought nearly identical claims in numerous other federal lawsuits,

---

[1] The United States Court of Appeals for the Third Circuit has expressed a preference for considering filings based on their substance rather than their title, especially those filed by *pro se* litigants.  *See* <u>Garrett v. Wexford Health</u>, 938 F.3d 69, 82 (3d Cir. 2019) (noting a "policy of considering motions based on their substance rather than their title"), <u>cert. denied</u>, No. 19-867, 2020 WL 2515456 (U.S. May 18, 2020).

the history of which was fully described in the Memorandum.  Based on these prior lawsuits, Kornafel's claims in this case were determined to be barred by the doctrine of *res judicata.* (ECF No. 4 at 5.)  The claims were also determined to be untimely.  (*Id.*)

Kornafel's pending Motion, which runs 22 pages, contains case citations, invokes Rule 60, cites numerous statutes and constitutional provisions, and reasserts the same factual allegations contained in the original Complaint.  At bottom, his Motion again claims that the Postal Service and attorneys involved in the auto accident case engaged in a conspiracy to commit fraud and trick him into settling his claim in that the Defendants engaged in deceit, fraud, bad faith, collusion.  He asserts that the prior Memorandum and Order are a "fraudulent documents" because they continue the Postal Service's fraud and conspiracy to cover up the Postal Service's fraud and deny him a hearing.  (ECF No. 12 at 2.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Finality to litigation is a strong interest in in the efficient administration of justice. *See Arizona v. California*, 460 U.S. 605, 620 (1983), *decision supplemented*, 466 U.S. 144 (1984). "Given the importance of finality in litigation, Rule 60 allows for relief from judgments under limited circumstances and the burden to obtain such relief is high." *Advanced*

*Multilevel Concepts, Inc. v. Bukstel*, Civ. A. No. 11-3718, 2014 WL 6907973, at *13 (E.D. Pa. Dec. 9, 2014).

### III.   DISCUSSION

Kornafel's claims were dismissed on the grounds that they are barred by *res judicata* and the applicable statute of limitations.  While Kornafel's Motion attempts to analyze the prior Memorandum line by line, nothing in the Motion demonstrates that he is entitled to relief under Rule 60(b)(1) or (3) since he has not met his high burden to show that these legal conclusions constituted mistake or fraud.  Neither can any other reason be discerned from Kornafel's pleading that would permit relief under Rule (60)(b)(6).  Rather, Kornafel again attempts to relitigate claims that have now been dismissed numerous times in prior cases, namely that he was defrauded in the settlement of his prior case.  Additionally, Kornafel's motion for reconsideration in this case was deemed meritless and the decision dismissing this case has now been affirmed on appeal.

For the foregoing reasons, Kornafel has not met his high burden and his motion seeking relief from judgment under Rule 60(b)(1), (3) and (6) is denied.  Kornafel is warned that further efforts to repeat claims and arguments that have been repeatedly rejected may result in the imposition of a pre-filing injunction.  *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (stating that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation.")  An appropriate Order follows.

**BY THE COURT:**

***/s/* C. Darnell Jones, II**
**C. Darnell Jones, II   J**